NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAO LING LI; WEN XING CHEN,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-1110

Agency Nos.
A209-435-211
A209-435-212

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026[**]
Honolulu, Hawaii

Before N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Xiao Ling Li and her husband, Wen Xing Chen, natives and citizens of

China, petition for review of an order of the Board of Immigration Appeals

dismissing their appeal from an immigration judge's order denying asylum and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the agency's "factual findings, including adverse credibility decisions, under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's finding that Li was not a credible witness. The agency is generally permitted to infer that a witness who deliberately deceived immigration authorities on earlier occasions may be deceiving authorities in the present removal proceedings. *Ani v. Bondi*, 155 F.4th 1118, 1129 (9th Cir. 2025). Li admitted that she gave false information when she applied for a United States tourist visa in 2015. As the immigration judge found, Li told those lies at a time when she was not "living in fear of the Chinese government."

Substantial evidence supports the Board's rejection of Li's challenges to the adverse-credibility determination. The Board did not err in concluding that it could not consider a revised translation of Li's bail receipt because Li did not explain why this new evidence was not previously available. *See* 8 C.F.R. § 1003.2(c)(1). And the Board correctly recognized that Li, a witness who had not testified credibly, was not entitled to notice that certain of her claims should have been

supported with corroborating evidence. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Because the IJ found [petitioner's] testimony not credible, the IJ was not required to give [petitioner] notice and an opportunity to provide additional corroborating evidence.").

Without credible testimony or independent documentary evidence to support Li's claim, substantial evidence supports the agency's denial of asylum and withholding of removal.

The motion to stay removal (Dkt. No. 2) is denied.

**PETITION DENIED.**